**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ALLSTATE LIFE INSURANCE COMPANY LITIGATION,<br><br>------------------------------<br><br> ALLSTATE LIFE INSURANCE COMPANY; WELLS FARGO BANK, N.A.,<br><br>          Plaintiffs-Appellees,<br><br>v.<br><br>ROBERT W. BAIRD & CO. INCORPORATED; SOUTHWEST SECURITIES, INC., Successor-in-Interest to M.L. Stern & Co., LLC; EDWARD D. JONES & CO., L.P., DBA Edward Jones,<br><br>          Defendants-Appellants,<br><br>v.<br><br>KUTAK ROCK, LLP,<br><br>          Defendant-Appellee. | No.    14-16760<br><br>D.C. Nos.   3:09-cv-08162-GMS<br>               3:09-cv-08174-GMS<br><br>MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| In re: ALLSTATE LIFE INSURANCE COMPANY LITIGATION,<br><br>-------------------------------<br><br> ALLSTATE LIFE INSURANCE COMPANY; WELLS FARGO BANK, N.A.,<br><br>       Plaintiffs-Appellees,<br><br>v.<br><br>ROBERT W. BAIRD & CO. INCORPORATED; SOUTHWEST SECURITIES, INC., Successor-in-Interest to M.L. Stern & Co., LLC; EDWARD D. JONES & CO., L.P., DBA Edward Jones,<br><br>       Defendants-Appellants,<br><br>v.<br><br>STINSON LEONARD STREET LLP, FKA Stinson Morrison Hecker LLP,<br><br>       Defendant-Appellee. | No. 14-16789<br><br>D.C. Nos. 3:09-cv-08162-GMS<br>3:09-cv-08174-GMS |
| --- | --- |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted November 15, 2016
San Francisco, California

Before: THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and EZRA,[**] District Judge.

Robert W. Baird & Co. and Hilltop Securities, Inc. appeal the district court's approval of two bar orders issued with the settlement agreements in this consolidated securities fraud action. "Ordinarily, we review the district court's decision to approve a settlement for abuse of discretion." *In re Heritage Bond Litig.*, 546 F.3d 667, 675 (9th Cir. 2008). But appellants challenge the district court's interpretation of "the PSLRA to determine the permissible scope of a bar order issued pursuant to [that] statute[]." *Id.* "The district court's interpretation of a statute is a question of law that we review de novo." *Id.* (quoting *Beeman v. TDI Managed Care Servs.*, 449 F.3d 1035, 1038 (9th Cir. 2006)). We affirm.

In *Heritage Bond*, we defined the permissible scope of bar orders in securities litigation in this Circuit. We held that bar orders issued pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4, "may only bar claims for contribution and indemnity or disguised claims for such relief." 546 F.3d at 671. Furthermore, we held that "[i]ndependent claims—those where the injury is not the non-settling defendant's liability to the plaintiff—may not be barred" under federal law. *Id.*

---

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

3

Here, the district court entered bar orders entirely consistent with that holding, each of which "completely and permanently bars, enjoins, restrains and extinguishes any and all claims in any state or federal jurisdiction or any other forum . . . for (i) contribution; (ii) indemnification; or (iii) any other claim for 'disguised contribution or indemnification' under applicable law. . . ." The district court's inclusion of a parenthetical listing causes of actions that might be deemed "disguised contribution or indemnification" claims was not contrary to *Heritage Bond*. Rather, it simply illustrated, consistent with the *Heritage Bond* rule, that the bar order would preclude any and all "disguised claims" for contribution or indemnity, however denominated. Determining whether a claim is truly independent or actually disguised—and thus barred by the district court's order—is an inquiry properly left to the court reviewing the claims. *See Heritage Bond*, 546 F.3d at 682 (holding that "the question of independence should be decided by the court where the claims were brought").

To the extent the parties invite us to opine on the applicability of the bar order to any particular claim, we decline the invitation. To do otherwise would be to provide an impermissible advisory opinion. *See Golden v. Zwickler*, 394 U.S. 103, 108 (1969).

**AFFIRMED.**